UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>NOAH VIRGIL WHITE LANCE III,<br><br>Defendant. | 3:22-CR-30116-RAL-1<br><br>OPINION AND ORDER DENYING<br>MOTION FOR SENTENCE REDUCTION |

Defendant Noah Virgil White Lance III filed a pro se Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A)(i).  Doc. 59.  White Lance argues his request for sentence reduction should be granted due to extraordinary and compelling reasons, citing "substantial post-sentencing rehabilitation, demonstrated accountability, low institutional risk, and a viable re-entry plan."  Id. at 1.  The United States opposes White Lance's motion.  Doc. 62.  Because a motion for sentence reduction cannot be based on rehabilitation alone, White Lance's motion is denied.

White Lance is serving a 216-month custody sentence, with 3 years of supervised release. Docs. 54, 57.  White Lance is housed presently at Federal Correctional Institute Sandstone, and his projected release date is April 30, 2037.  Inmate Locator, BOP, https://www.bop.gov/inmateloc (last visited Apr. 8, 2026).  White Lance is 36 years old.  White Lance's charges arose from his killing of a child by striking her and causing a traumatic head injury, and his physical abuse of another child.  Doc. 49 at 4.  White Lance pleaded guilty to one count of voluntary manslaughter in violation of 18 U.S.C. §§ 1153 and 1112(a) and one count of child abuse in violation of 18

1

U.S.C. §§ 1153 and SDCL § 26-10-1. Docs. 44, 45. White Lance's total offense level was 28, and his single adult conviction placed him in Criminal History Category I. Id. at 13–15. Therefore, White Lance faced a guideline imprisonment range of 78 to 97 months. Id. at 21. However, pursuant to the plea agreement, under which White Lance avoided a potential life sentence on charges of First Degree Murder in the Indictment, the parties jointly recommended that the sentences imposed for Count 1 and Count 2 of a Superseding Information be ordered consecutive, and that this Court impose a total custody sentence within a guideline range of 180 months to 240 months of imprisonment between the two counts. Id. At White Lance's sentencing, for the voluntary manslaughter count involving Victim 1, this Court imposed 180 months of imprisonment, followed by 3 years supervised release; and for the child abuse count involving Victim 2, this Court imposed 60 months of imprisonment with 36 months of the imprisonment to run consecutive to the 180 months' imprisonment on the voluntary manslaughter count and 24 months of the imprisonment to run concurrently, followed by 3 years of supervised release to run concurrently with the voluntary manslaughter count. Doc. 54.

In support of his motion, White Lance argued that he has actively pursued rehabilitative opportunities and completed his high school diploma, a parenting class, an airbrushing program, and a financial literacy program. Doc. 59 at 2. White Lance acknowledged his two minor disciplinary infractions before turning to analyze the § 3553(a) factors. Id. at 2–3. White Lance urged that under the § 3553(a) factors, "continued incarceration for the full 216 month term is no longer necessary to satisfy the purposes of sentencing." Id. at 3. Finally, White Lance included a re-entry plan to reside with his mother and seek employment as well as continued counseling, education, and positive community support. Id.

Under § 3582(c)(1)(A), a district court may grant an incarcerated person's motion for a reduced sentence after the Court finds (1) that extraordinary and compelling reasons exist and warrant such a reduction;[1] (2) those reasons are consistent with the applicable policy statement promulgated by the United States Sentencing Commission, here U.S.S.G. § 1B1.13; and (3) an examination of the 18 U.S.C. § 3553(a) sentencing factors supports a sentence reduction.  18 U.S.C. § 3582(c)(1)(A)(i)–(ii).  Congress did not define "extraordinary and compelling reasons."  See 28 U.S.C. § 994(t).  Instead, Congress charged the Sentencing Commission with issuing general policy statements outlining the "appropriate use of . . . the sentence modification provisions set forth in section[] . . . 3582(c)," including "what should be considered extraordinary and compelling reasons for sentence reduction [and] the criteria to be applied."  Id. § 994(a)(2)(c), (t).

Effective November 1, 2023, the Sentencing Commission updated the criteria for what constitutes "[e]xtraordinary and compelling reason[s]" to reduce a term of imprisonment.  U.S.S.G. § 1B1.13(b).  As amended, "[e]xtraordinary and compelling reasons exist under any of the following circumstances or [through] a combination thereof": (1) medical circumstances of the defendant, (2) age of the defendant, (3) family circumstances of the defendant, (4) being a victim of sexual or physical abuse while in custody, (5) other reasons with equal gravity as the aforementioned circumstances, and (6) unusually long sentences.  Id.  A "district court has broad discretion in determining whether proffered circumstances warrant" compassionate release under the First Step Act.  United States v. Loggins, 966 F.3d 891, 893 (8th Cir. 2020).

---

[1] A court could also grant a reduced sentence if the defendant is at least 70 years old and has served at least 30 years in prison.  18 U.S.C. § 3582(c)(1)(A)(ii).  White Lance does not meet these criteria.

However, Congress has stated that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t). The Sentencing Commission recognizes that rehabilitation cannot be the sole factor for compassionate release. See U.S.S.G. § 1B1.13(d) ("Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement."). White Lance has not shown that he has any extraordinary and compelling reason to grant compassionate release besides his steps towards rehabilitation while in custody. Thus, this Court must deny White Lance's motion. 18 U.S.C. § 3582(c)(1)(A); 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13(d).

For the reasons explained herein, it is hereby

ORDERED that the Motion for Sentence Reduction, Doc. 59, is denied without prejudice to filing another such motion.

DATED this 14ᵗʰ day of April, 2026.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE

4